THE FIRST BANK OF HILO, LIMITED, *v.* C. K. MAGUIRE AND SOLOMON LALAKEA, ADMINISTRATOR OF THE ESTATE OF T. K. LALAKEA, DECEASED.

No. 1161.

MOTION TO QUASH WRIT OF ERROR.

ARGUED APRIL 21, 1919.                    DECIDED MAY 26, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*service of assignments of error.*

Where a statute prescribes that service of process upon one of several joint makers of a promissory note shall be service upon all, the same method of service of the assignments of error is sufficient the same being constructive service upon all under the statute.

OPINION OF THE COURT BY EDINGS, J.

This is a motion by the defendant in error, Solomon Lalakea, administrator of the estate of T. K. Lalakea, deceased, to quash a writ of error issued in that action upon the ground "that no service of a copy of the assignment of errors herein has been made upon C. K. Maguire, defendant above named, or upon his personal representative." The action was instituted by the plaintiff, the First Bank of Hilo, Limited, a corporation, against C. K. Maguire and T. K. Lalakea upon a certain promissory note for $185 made and executed by the said Maguire and Lalakea to the said corporation. While both of said makers of said note were made parties to said action the defendant Maguire was not served with process. The defendant T. K. Lalakea died and the administrator of his estate, Solomon Lalakea, the defendant in error, as his representative, filed an answer. The defendant Maguire did not appear. Section 2374 R. L. 1915 provides:

"It shall be necessary to join as defendants in a civil action, all the joint and several, or joint makers of promissory notes, or drawers of drafts, bills of exchange, or orders, or joint and several obligors, lessees or parties of the first or second part to covenants, agreements and contracts, in suing for nonpayment, nonacceptance, or nonfulfillment thereof, but it shall in no case be necessary to serve all the joint parties sued with process. Service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in court, and judgment may be entered against all such codefendants thereon; provided, however, that no execution shall issue against the sole property of any joint defendant on whom process was not duly served as aforesaid."

By the terms of the statute it was necessary to make all of the joint makers of this note parties to an action upon it but it was not necessary to serve with process all of the parties to such action, the statute specifically providing

that "it shall in no case be necessary to serve all the joint parties sued with process. Service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in court."

If under this statute it is necessary to personally serve but one of the several joint makers of a promissory note in order to authorize a judgment against all, service of process upon one being declared to be legal service upon all for the purpose of appearance in court, we can see no valid or logical reason for requiring any different method of service of the assignments of error in this proceeding. If constructive service of process upon Maguire, had by serving his comaker Lalakea, was sufficient to authorize a valid judgment against him in the court below the same kind of constructive service was sufficient to give him notice of this proceeding. If on the other hand the constructive service had upon Maguire below was insufficient to support a judgment against him then he was a party to the proceedings had in the court below in name only and cannot be adversely affected by any judgment that may be rendered herein, and under these circumstances would not be entitled to service of the assignments of error.

We do not find it necessary to decide, and do not decide, whether or not a valid judgment could in fact have been rendered against Maguire upon the constructive service had as our conclusion as to a proper disposition of this motion is not affected thereby.

The motion to quash is overruled.

*W. H. Smith* for the motion.

*C. S. Carlsmith* contra.